IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITE HERE HEALTH, ) <br> ) <br> MATTHEW WALKER, as fiduciary of ) <br> UNITE HERE HEALTH, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ACRON NAVY PIER HOTEL LLC, a Delaware ) <br> limited liability company, doing business at ) <br> SABLE HOTEL AT NAVY PIER, ) <br> ) <br> UNITED SERVICE COMPANIES, INC., an ) <br> Illinois corporation, doing business at SABLE ) <br> HOTEL AT NAVY PIER and LIRICA AT NAVY ) <br> PIER AND OFFSHORE ROOFTOP AND BAR, ) <br> ) <br> 1000 EAST GRAND, LLC, an Illinois limited ) <br> liability company, doing business at LIRICA AT ) <br> NAVY PIER and OFFSHORE ROOFTOP ) <br> AND BAR, ) <br> ) <br> Defendants. ) | CIVIL ACTION <br><br> NO. 25 C 7735 <br><br> JUDGE |

**COMPLAINT**

The Plaintiffs, UNITE HERE HEALTH ("Welfare Fund") and MATTHEW WALKER, as fiduciary of UNITE HERE HEALTH (collectively "Plaintiffs"), by their attorneys, complaining of the Defendants: (1) ACRON NAVY PIER HOTEL LLC, a Delaware limited liability company, doing business at SABLE HOTEL AT NAVY PIER ("Sable Hotel"); (2) UNITED SERVICE COMPANIES, INC., an Illinois corporation, doing business at SABLE HOTEL AT NAVY PIER and LIRICA AT NAVY PIER AND OFFSHORE ROOFTOP AND BAR ("Lirica Restaurant and Bar"); and (3) 1000 EAST GRAND, LLC, an Illinois limited liability company, doing business at

LIRICA AT NAVY PIER and OFFSHORE ROOFTOP AND BAR ("Lirica Restaurant and Bar"), (collectively "Defendants") allege as follows:

## JURISDICTION

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), §§502(a)(3) and 515, 29 U.S.C. §§1132(a)(3) and 1145. Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

## PARTIES

2. Plaintiff Welfare Fund is a "welfare plan" pursuant to ERISA §§3(1) and 3(37), 29 U.S.C. §§1002(1) and 1002(37) and an "employee benefit trust fund" under the LMRA §302(c)(5) and 29 U.S.C. §186(c)(5). The Welfare Fund brings this action in such capacity as an entity pursuant to ERISA §502(d)(1) and §§502(e)(1) and (2) and 29 U.S.C. §§1132(d)(1) and 1132(e)(1).

3. The Trustees of the Welfare Fund and the Seventh Amended and Restated Agreements and Declarations of Trusts ("Welfare Fund Trust Indenture") governing the Welfare Fund's establishment and operation authorize the Welfare Fund's Plan Administrator to initiate litigation on the Welfare Fund's behalf. Matthew Walker, as Plan Administrator, brings this action pursuant to such authority and in his capacity as a fiduciary of the Welfare Fund pursuant to ERISA §§3(21)(A) and 502(a)(3) and 29 U.S.C. §§1002(21)(A) and 1132(a)(3).

4. Defendants are corporations and are engaged in the hospitality industry doing business at the Sable Hotel and Lirica Restaurant and Bar at Navy Pier, Chicago, IL.

## VENUE

5. The Welfare Fund maintains an office for the purpose of administering the aforementioned Welfare Plan, collecting welfare contributions and administering welfare benefits

at 711 North Commons Drive, Aurora, Illinois. Therefore, venue is proper in this district pursuant to ERISA §502(e)(2) and 29 U.S.C. §1132(e)(2).

## FACTS

6. Defendants are employers engaged in an industry affecting commerce and have agreed to be bound by certain collective bargaining agreements, as established below, under which Defendant is required, *inter alia*, to pay employee fringe benefits in the form and manner of monthly contributions to the Welfare Fund, in a sum certain, for and on behalf of Defendant's eligible employees.

7. Defendants, by their authorized agents, executed a collectively bargained labor agreement with UNITE HERE Local 1, effective May 6, 2023 through May 5, 2026 (the "Agreement"), which require contributions be made to the Welfare Fund for and on behalf of Defendant's eligible employees. (Attached hereto as Ex. A)

8. Article XVIII, Section A. of the Agreement binds Defendants to the Welfare Fund Trust Indenture under the terms of which Defendants, *inter alia*, shall pay, in addition to the amounts determined to be due, interest, liquidated damages, attorneys' fees and costs, audit costs, court costs and any other reasonable costs incurred by Plaintiffs in the collection process.

9. Plaintiffs have complied with all conditions precedent in bringing this action.

10. A copy of this Complaint has been served upon the Secretary of Labor and the Secretary of the Treasury, by certified mail, as required by ERISA §502(h) and 29 U.S.C. §1132(h).

## WELFARE FUND DELINQUENCIES

11. The Welfare Fund incorporates Paragraphs 1 through 10 of this Complaint as though fully set forth herein.

12. Defendants have failed to submit contributions Defendant reported as due to the Welfare Fund on behalf of Defendants' employees who performed work covered under the collective bargaining agreement for the work months of September 2024 through January 2025 and March 2025 through April 2025. Defendants also owe interest and liquidated damages for contributions, paid, but paid late for the work months of November 2023 through January 2025. The Fund refers to these amounts as billing amounts due.

13. Defendants' payroll books and records have also been audited for the work months November 2023 through December 2024. The Fund refers to these amounts as the audited amounts due.

14. As a result of Defendants' failure to pay the billing amounts due, Defendants are currently indebted to the Welfare Fund in the amounts set forth below:

| | |
|---|---|
| Principal | $ 866,586.03 |
| Principal (Adjustments) | $ 30,876.75 |
| Interest | $ 39,318.08 |
| Liquidated Damages | $ 200,113.73 |
| TOTAL | $1,136,894.59 |

15. As a result of Defendants' failure to pay the audited amounts due, Defendants are currently indebted to the Welfare Fund in the amounts set forth below:

| | |
|---|---|
| Principal | $35,865.08 |
| Interest | $ 277.96 |
| Liquidated Damages | $ 7,173.02 |
| TOTAL | $43,316.06 |

16. Interest has accrued on the unpaid contributions and will continue to accrue during the pendency of this litigation.

17. The total amount currently due and owing to the Welfare Fund is $1,180,210.65, plus accruing interest, costs and attorneys' fees, subject, however, to the possibility that additional amounts may be due Plaintiffs from Defendant based upon Defendant's failure to submit all

required reports or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

18. By failing to make the appropriate contributions to the Welfare Fund, Defendant has breached the Agreements and ERISA §§515, 29 U.S.C. §§1145.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendant as follows:

(a) on behalf of the Welfare Fund, the unpaid contributions owed to the Fund, together with any additional future unpaid contributions with interest accruing thereon at the rate of prime plus two (2%) percent per annum plus an amount equal to the greater of interest on the unpaid contributions or liquidated damages of twenty (20%) percent of the delinquent amount due as provided for under the Welfare Fund Trust Indenture and 29 U.S.C. §§1132(g)(2)(A-E);

(b) all reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and

(c) such other legal or equitable relief as this Court deems just and proper, pursuant to ERISA §502(g)(2)(E) and 29 U.S.C. §1132(g)(2)(E).

/s/ Laura M. Finnegan

Laura M. Finnegan
Fiona M. Lamb
Attorneys for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 1825
Chicago, IL  60606-5250
Bar No.: 6210637
Telephone: (312) 216-2563
Facsimile: (312) 236-0241
E-Mail: lmfinnegan@baumsigman.com

i:\herew\sable hotel at navy pier\complaint.lmf.df.docx